1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   STEVEN G. GATLEY, SB# 155986
2    E-Mail: gatley@lbbslaw.com
   JERRY J. CHANG, SB# 243199
3    E-Mail: jchang@lbbslaw.com
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: (213) 250-1800
5  Facsimile: (213) 250-7900

6  Attorneys for Defendant
   Protection One Alarm Monitoring, Inc.
7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  RICHARD S. CLEMENS, an            ) CASE NO. 09 CV 1424 LCAB
    individual,,                       )
12                                     ) The Hon. M. James Lorenz
              Plaintiff,               ) Courtroom 14
13                                     )
         v.                            ) **DEFENDANT PROTECTION ONE**
14                                     ) **ALARM MONITORING, INC.'S**
    PROTECTION ONE ALARM              ) **NOTICE OF MOTION AND**
15  MONITORING, INC., a corporation;  ) **MOTION TO DISMISS**
    and DOES 1-10, inclusive,          ) **PLAINTIFF'S FIRST AMENDED**
16                                     ) **COMPLAINT; MEMORANDUM OF**
              Defendants.              ) **POINTS AND AUTHORITIES IN**
17                                     ) **SUPPORT THEREOF;**
                                       ) **DECLARATION OF STEVEN G.**
18                                     ) **GATLEY**
                                       )
19                                     ) **F.R.C.P. 12(b)(6) and 12(f)**
                                       )
20                                     ) Date:        December 14, 2009
                                       ) Time:        10:30 a.m.
21                                     ) Courtroom:   14
                                       )
22                                     ) Action Filed: June 30, 2009
                                       ) Trial Date:   TBD
23  _____)

24  TO THIS HONORABLE COURT, AND TO PLAINTIFF AND HIS COUNSEL OF

25  RECORD:

26       PLEASE TAKE NOTICE that at 10:30 a.m. on December 14, 2009, or as soon

27  thereafter as the matter may be heard in Department 14 of the United States District

28  Court of the Southern District of California, located at the Edward J. Schwartz U.S.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-2014-7716.1                         -1-
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Courthouse, 940 Front Street, San Diego, California 92101-8900, defendant PROTECTION ONE ALARM MONITORING, INC. ("Protection One") will, and hereby does, move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), to dismiss plaintiff RICHARD S. CLEMENS' ("Clemens") **Second Claim for Relief** as alleged in the First Amended Complaint ("FAC"), with prejudice and without leave to amend, on the grounds that Plaintiff fails to state sufficient facts upon which relief can be granted.

In addition, pursuant to FRCP Rules 12(b)(6) and 12(f), Protection One moves for an Order striking all requests for exemplary and punitive damages from the FAC which are specifically located at p. 6, ¶ 30, lines 26-27; p. 7, ¶ 36(b), line 21; p. 8, line 5; and p. 8, lines 14-15.

This motion will be based on this notice of motion and motion, the attached memorandum of points and authorities, the Declaration of Steven G. Gatley, all pleadings and papers on file herein, all matters of which this Court must or may take judicial notice, and upon such other and further evidence and argument as the court deems just and proper.

Dated: September 30, 2009            **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By s/Steven G. Gatley
    Attorneys for Defendant
    Protection One Alarm Monitoring, Inc.
    E-Mail:  gatley@lbbslaw.com



## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Richard Clemens was employed by defendant Protection One, a residential and commercial security system provider, as a residential sales manager. Plaintiff was employed by Protection One from approximately March 7, 2005, until his termination on August 28, 2007.

In his FAC, Plaintiff alleges two causes of action against Protection One for (1)Violation of Federal and State Family and Medical Leave Act(s); and (2) Unlawful Retaliation Against a Whistleblower.

As discussed in further detail below, Plaintiff's second claim for relief lacks the necessary facts sufficient to state a cause of action. Furthermore, Plaintiff's requests for punitive damages are supported merely by conclusory statements that Protection One's conduct was "willful, reckless, oppressive, fraudulent and malicious." No additional facts are set forth supporting Plaintiff's claims for punitive damages.

Plaintiff's FAC is riddled with incurable defects. As such, Protection One respectfully requests that the Second Claim for Relief in Plaintiff's FAC be dismissed with prejudice, and that Plaintiff's requests for punitive damages be stricken from the FAC without leave to amend.

### II.   STANDARDS FOR RULING ON A MOTION TO DISMISS

Federal Rules of Civil Procedure, Rule 12(b)(6) is similar to the common law general demurrer, i.e., it tests the legal sufficiency of the claim or claims stated in the complaint. The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded, would, if established, support a valid claim for relief. *Bell v. Hood*, 327 U.S. 678, 682-683 (U.S. 1946). The court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718. (C.D. Cal. 1993); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395-1396

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-2014-7716.1                    -3-
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

1   (C.D. Cal. 1995).  As such, dismissal under Rule 12(b)(6) for failure to state a claim
2   is proper where it is clear that no relief could be granted under any set of facts that
3   could be proved consistent with the allegations.  *Cervantes. v. City of San Diego*, 5
4   F.3d 1273, 1274 (9th Cir. 1993) .  A Rule 12(b)(6) motion is also appropriate where
5   an affirmative defense or other bar to relief is apparent from the face of the
6   complaint.  *Groten v. California*, 251 F3d 844, 851 (9th Cir. 2001).

7        Although a request for punitive damages is not an independent cause of action,
8   it is not excluded by Rule 12(b)(6).  "[T]he language of 12(b)(6) does not prohibit an
9   analysis of punitive damages.  Rule 12(b)(6) provides that dismissal is proper 'for
10  failure to state a claim upon which relief can be granted.'"  *K.E.K. ex rel. Kauffman*
11  *v. The Grier School*, No. Civ. 1:CV-05-0386, 2005 WL 2028700, at *3 (M.D. Pa.
12  July 25, 2005).

13       In *Parker v. Fidelity Security Life Ins. Co.*, No. CIV F 06-654 AWI DLB, 2006
14  WL 1456063 (E.D. Cal. 2006), the plaintiff brought suit against the defendant for
15  denial of benefits under her late husband's life insurance policy.  The complaint
16  brought a request for punitive damages on the grounds that the defendant insurer
17  refused to investigate the plaintiff's loss by "ignoring" the medical records provided
18  to it by the plaintiff.  The Court granted the defendant's motion to dismiss punitive
19  damages claim brought under Rule 12(b)(6), as it found that the complaint failed to
20  provide specific allegations of malice, fraud, or oppression.  While the court
21  acknowledged that "minute detail" was not required by Rule 8, it concluded that the
22  plaintiff had not provided sufficient facts to support her request.

23       Furthermore, under FRCP, Rule 12(f), a party may move to strike any,
24  "redundant, immaterial, impertinent or scandalous matter."  "A motion to strike is
25  appropriate to address requested relief, such as punitive damages, which is not
26  recoverable as a matter of law."  *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal.
27  2005).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

III.  **SECOND CAUSE OF ACTION FOR UNLAWFUL RETALIATION AGAINST A WHISTLEBLOWER: PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiff's second cause of action for unlawful retaliation against a whistleblower pursuant to California *Labor Code* § 1102.5 completely fails to allege the necessary elements for this cause of action.

*Labor Code* § 1102.5 makes it an unlawful employment practice for an employer to (a) "make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation," or (b) "to retaliate against an employee for disclosing information to a government or law enforcement agency," amongst other inapplicable portions of the statute.

A.  **Objection to Alleged Use of Inferior Products**.

In his FAC, Plaintiff alleges that he "objected to Protection One's practice of substituting an inferior product in the place of the one that had initially been presented to the consumer," (see FAC at p. 7, ¶ 32, lines 5-7), that he "raised these concerns with Protection One management," (see FAC at p. 5, ¶ 22, line 18), and that he was terminated based upon this objection (see FAC at p. 8, ¶ 34, lines 10-11).

With regard to this attempted basis of liability, Plaintiff completely fails to allege that Protection One made, adopted, or enforced any rule, regulation or policy preventing him from disclosing this information to a government or law enforcement agency. Plaintiff also fails to allege that he actually disclosed this information to a government or law enforcement agency. Indeed, Plaintiff attempts to bypass the most important elements to a cause of action under *Labor Code* § 1102.5 - that he was prevented from disclosing information or that he disclosed information and was terminated for doing so. Accordingly, Plaintiff's cause of action with respect to his

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  objection to the alleged use of inferior products must fail because he has not pled the

2  necessary elements.

3       **B.**    **Support and Concern for Co-Worker's Alleged Sexual Harassment.**

4       Within the same cause of action, Plaintiff also alleges that he "raised and

5  supported the concern of a co-worker regarding alleged sexual harassment." (See

6  FAC at p. 7, ¶ 33, lines 8-9). Plaintiff, however, makes no other allegations

7  regarding this "support and concern" but to state that he was terminated by

8  Protection One for his "support and advocacy on behalf of the co-worker." (See

9  FAC at p. 8, ¶ 37, lines 10-13).

10       Similar to Plaintiff's objection to the alleged use of inferior products, Plaintiff

11  fails to allege that Protection One prevented him from disclosing information about

12  the alleged sexual harassment to any government or law enforcement agency; or that

13  he actually reported the alleged sexual harassment to a government or law

14  enforcement agency. Again, these are fundamental elements of this cause of action,

15  and Plaintiff's failure to allege such facts is absolutely detrimental to his claim.

16  Therefore, Plaintiff's cause of action with respect to his alleged "support and

17  concern" of a co-worker being sexually harassed must also fail because he has not

18  pled the necessary elements.

19  **IV.**    **PLAINTIFF FAILS TO PROVIDE ANY SPECIFIC FACTS**

20         **DEMONSTRATING THAT PUNITIVE DAMAGES ARE**

21         **WARRANTED.**

22       Punitive damages are generally disfavored and should be granted with the

23  greatest caution. *Beck v. State Farm Mut. Auto Ins. Co.,* 54 Cal.App.3d 347, 355

24  (Cal. 1976). A plaintiff seeking punitive damages must plead and prove, by clear

25  and convincing evidence, that the defendant breached an obligation not arising from

26  contract, and that "the defendant has been guilty of oppression, fraud, or malice..."

27  California *Civil Code* §3294(a). "Punitive damages are appropriate if the

28  defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-2014-7716.1          **-6-**

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

1   The mere carelessness or ignorance of the defendant does not justify the imposition

2   of punitive damages." *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*,

3   185 Cal.App.3d 1149, 1154 (Cal. 1986).

4        Whichever theory a plaintiff elects to pursue (oppression, fraud, or malice), he

5   must plead and prove by clear and convincing evidence that the defendant's acts

6   were performed with the intention of depriving the plaintiff of "property or legal

7   rights or otherwise causing injury." California *Civil Code* § 3294(c)(3).  The phrase

8   "conscious disregard" is used to "describe the highly culpable state of mind which

9   justifies an exemplary award." *G.D. Searle & Co. v. Superior Court,* 49 Cal.App.3d

10  22, 32 (Cal. 1975).  A complaint which fails to allege that the defendant acted with

11  this state of mind, **in specific terms**, is insufficient to support a request for punitive

12  damages. *Id.* at 32-33 [conclusory allegations of wrongful, knowing, and willful

13  conduct are not enough; complaint must allege intent to injure plaintiff, or conscious

14  disregard of plaintiff's rights].

15       Merely characterizing a defendant's conduct as "oppressive," "malicious" or

16  "wanton" is insufficient to meet the pleading burden.  **Specific facts** must be alleged

17  to show that the defendant acted with the requisite malice, oppression, or fraud. *Appl*

18  *v. Lee Swett Livestock Co.,* 192 Cal.App.3d 466, 470 (Cal. 1987).  Conclusory

19  characterizations, unsupported by specific factual allegations of malice, oppression,

20  or fraud are insufficient. *Brousseau v. Jarrett*, 73 Cal.App.3d 864, 872 (Cal. 1977).

21  Where the injury complained of is not deliberately inflicted by the defendant, a

22  plaintiff seeking to recover punitive damages must prove that the defendant acted

23  with a conscious disregard of the plaintiff's safety.  *O'Hara v. Western Seven Trees*

24  *Corp. Intercoast Management,* 75 Cal.App.3d 798 (Cal. 1977).

25       The FAC fails to comply with the foregoing, as Plaintiff has not set forth *any*

26  basis for his requests for exemplary damages.  There are no specific facts to

27  demonstrate that Protection One's conduct was in any manner oppressive, fraudulent,

28  or malicious; only mere conclusory allegations.  Under the circumstances, Plaintiff's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

1    request for exemplary damages should be dismissed and stricken from the FAC.

2    **A.**    <u>**Plaintiff Fails to Allege Punitive Damages Under the Corporate**</u>

3        <u>**Standard.**</u>

4    Defendant Protection One is a corporation. Plaintiff's prayer for relief fails to

5    allege punitive damages under the corporate employer standard. As a corporation,

6    Protection One lacks the mind ordinarily capable of intent to injure or deceive.

7    Accordingly, Protection One can only become vulnerable to a claim for punitive

8    damages where its employees acted with the requisite mal intent. California *Civil*

9    *Code* 3294(b); *Cruz v. HomeBase* 83 Cal.App.4th 160 (Cal. 2000).

10    For an employer to be held liable for an employee's tort under the doctrine of

11    respondeat superior, it is not responsible for punitive damages where it neither

12    directed nor ratified the act. *Ebaugh v. Rabkin,* 22 Cal.App.3d 891, 895 (Cal. 1972).

13    For purposes of determining an employer's liability for punitive damages, ratification

14    generally occurs where, under the particular circumstances, the employer

15    demonstrates an intent to adopt or approve oppressive, fraudulent, or malicious

16    behavior by an employee in the performance of his job duties. Corporate ratification

17    in the punitive damages context requires actual knowledge of the conduct and its

18    outrageous nature. *College Hospital v. Superior Court,* 8 Cal.4th 704, 726 (Cal.

19    1994)

20    Plaintiff has failed to allege any facts that Protection One directed, authorized

21    or subsequently ratified any alleged malicious conduct by its employees, with

22    knowledge as to the malicious quality of such alleged act or conduct. Therefore,

23    Plaintiff's conclusory allegations are insufficient to support his claim for punitive

24    and exemplary damages against Protection One.

25    / / /

26    / / /

27    / / /

28    / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CONCLUSION

2       For the reasons set forth above, Protection One respectfully requests that

3   Plaintiff's Second Claim for Relief be dismissed with prejudice, and that Plaintiff's

4   requests for punitive damages be stricken from the FAC without leave to amend.

5

6   Dated: September 30, 2009        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

7

8

9                                   By s/Steven G. Gatley
                                       Attorneys for Defendant
10                                     Protection One Alarm Monitoring, Inc.
                                       E-Mail:  gatley@lbbslaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-2014-7716.1                     -9-
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

## <u>DECLARATION OF STEVEN G. GATLEY</u>

I, Steven G. Gatley, declare:

1.      I am an attorney duly licensed to practice in all of the courts of the State of California and am a member of Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendant Protection One Alarm Monitoring, Inc. herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      I submit this declaration in support of Defendant Protection One Alarm Monitoring, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint.

3.      On or about September 10, 2009, Plaintiff Richard Clemens filed a First Amended Complaint in the U.S. District Court, Southern District of California, Case No. 09 CV 1424LCAB.  A true and correct copy of this document is attached as Exhibit A and is incorporated by reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on September 30, 2009, at Los Angeles, California.

s/Steven G. Gatley

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT "A"

Law Offices of John H. Carmichael
John H. Carmichael, Esq. (196416)
269 South Beverly Drive, Suite 395
Beverly Hills, California 90212
Telephone: (310) 345-2525
*Attorney for Plaintiff,*
Richard S. Clemens

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. CLEMENS, *an individual,* <br><br> *Plaintiff,* <br><br> *v.* <br><br> PROTECTION ONE ALARM MONITORING, INC., *a corporation,* and Does 1-10, inclusive, <br><br> *Defendants.* | The Honorable M. James Lorenz <br> Case. No. 09-cv-01424-L-CAB <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. **VIOLATION OF FEDERAL AND STATE FAMILY AND MEDICAL LEAVE ACT(S) AND WRONGFUL TERMINATION BASED UPON TAKING LEAVE** <br> 2. **UNLAWFUL RETALIATION AGAINST A WHISTLEBLOWER; WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff complains as follows:

1.     This matter generally concerns employment law claims by Plaintiff Richard S. Clemens ("Clemens") against his former employer, Protection One Alarm Monitoring, Inc. ("Protection One").

2.     This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction over state-law claims).

3.     This Court may assert personal jurisdiction over Defendants because Defendant Protection One maintains a place of business in this District at which

*Law Offices of John H. Carmichael • 269 S Beverly Dr, Ste. 395 • Beverly Hills, CA 90212*

1    Plaintiff was employed.

2    4.    This Court is a proper venue for this matter because Defendant

3    Protection One and its relevant records may be found in this District, and

4    substantial events relevant to the causes of action alleged in this Complaint

5    occurred in this District.

6                                **PARTIES AND PERSONS**

7    5.    Plaintiff Clemens is a United States citizen and a natural person who

8    now resides, and at all relevant times resided, in the State of California.

9    6.    Defendant Protection One is a business entity that, at all relevant

10   times, maintained a place of business at 9596 Chesapeake Drive, Suite A, San

11   Diego, California, 92123.

12   7.    Does 1–10 are persons or entities whose identity is not known to

13   Clemens on this date who materially participated in, assisted in, and/or

14   conspired to cause harm to Clemens through the conduct complained of in this

15   action.

16                      **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17   8.    Protection One is a leading provider of home and business security

18   systems in the United States. The company sells security systems, security

19   products, installations, and service and maintenance and monitoring related to

20   those security systems and products.

21   9.    Richard Clemens was employed at Protection One at its office in this

22   District from on or about March 7, 2005 to on or about August 28, 2007. He was

23   employed in a position known as "Residential Sales Manager" by Protection One.

24   Clemens was responsible for the training and performance of a group of field

25   sales personnel. In fact, when Clemens' wife took ill, as described more fully

26   below, Clemens continued to put in a full work-week and was chastised for not

27   keeping up with the schedule generally demanded of him by Protection One.

28   Even during the initial onset of Clemens' wife's illness, and prior to requesting

CLEMENS V. PROTECTION ONE, ET AL.                                          PAGE 2
FIRST AMENDED COMPLAINT

**12**

leave, Clemens continued to put in a minimum of 40 hours a week, but was not able necessarily to work all of his hours from dawn until dusk every day as he had done earlier. This was not acceptable to Protection One, and eventually Clemens requested a leave of absence to deal with his wife's illness.

10.     Shortly thereafter, Lori Suchey ("Suchey"), a new Human Resources manager, started unreasonably questioning the basis for the granted leave. For example, Suchey asked Clemens to obtain information from his doctor regarding what the doctor interpreted a "month" to mean as applied to the granted leave. Suchey stated she might exercise the right to demand that Clemens' wife see another doctor if Clemens did not comply. Clemens complied. A representative from Protection One even contacted Clemens' wife's physician directly in an improper attempt to gain private medical information for its own advantage and purposes. Shortly upon his return from intermittent leave, Protection One terminated Clemens.

11.     One of the primary, transparent and most disturbing pretexts offered by Protection One was to claim that Clemens was not "in on time" during the period of his wife's illness when, in fact, he was entitled to such flexibility while on intermittent leave.

12.     Clemens' employment at Protection One terminated on or about August 28, 2007.

13.     On or about April 9, 2008, Clemens filed with the Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH) a complaint charging Protection One with wrongful termination in violation of the California Fair Employment and Housing Act (FEHA) for joint consideration by DFEH and EEOC of the common set of operative facts giving rise to the respective statutory claims. On October 21, 2008, DFEH, for itself and on behalf of the EEOC, issued to plaintiff a right-to-sue letter.

Law Offices of John H. Carmichael • 269 S Beverly Dr, Ste. 395 • Beverly Hills, CA 90212

<u>Leah's Illness</u>

14. Leah Clemens, Richard's spouse, began suffering from difficult-to-diagnose health problems including a chronically racing heart, high blood pressure, related cardiovascular symptoms, sleep disturbances, and resulting severe anxiety.

15. During the two-plus years of his employment, Clemens was one of the highest-producing "Residential Sales Managers" not just for this local branch office of Protection One, but in the context of its national operations as well. Clemens continued to work long hours for Protection One.

16. However, as a result of Leah's illness, Clemens was required to be home at certain times to provide general support and care.

<u>Protection One's Discriminatory Reaction to Clemens' Leave of Absence</u>

17. When Clemens began his intermittent leave of absence (all the while maintaining appropriate contact with the company), Cerino and Suchey attempted to intimidate Clemens into waiving his right to take family leave under both federal and California law providing for leave to care for one's spouse by:

(a) Discouraging Clemens from fully participating in the leave program and unreasonably requesting additional information from Clemens and his physician to justify the already-approved leave;

(b) Improperly seeking confidential information about Clemens' wife's medical condition and suggesting to Clemens that Protection One might demand she seek alternate care;

(c) Suddenly attempting to "enforce" alleged company "rules" regarding Clemens' working hours that had not been previously enforced in general and, on information and belief, were not enforced against other similarly situated employees. Such alleged "rules" were generally inconsistent with other regulations promulgated by Protection One.

18. Despite the hostile reaction by Protection One management, Clemens

Law Offices of John H. Carmichael • 269 S Beverly Dr, Ste. 395 • Beverly Hills, CA 90212

continued to work throughout this period of intermittent leave, frequently conferring with and providing guidance to other salespersons well into the evening and on weekends.

19. Cerino specifically discouraged the leave request asserting that taking family leave would harm Clemens' career.

20. During his "leave" Clemens continued to have substantial contact with and effect on his sales team from home.

## Termination in Violation of Public Policy

21. Clemens had taken steps to make management at Protection One aware of sexual harassment of a coworker. This co-worker complained of Defendant Cerino "leering" at her and inappropriately "looking her up and down, head to toe." Clemens informed Cerino that the co-worker had these impressions and Cerino's response to Clemens was to tell him to "Make it go away." Clemens took no further action on the matter, and neither did Protection One.

22. Further, while on leave, Clemens had specifically objected to the entrenched practice of Protection One's substitution of lesser quality products actually installed for those presented to the customer during the sales call. Clemens raised these concerns with Protection One management and Protection One took no action to correct or modify this fraudulent practice. Such assertions by Clemens could subject Protection One to regulatory action by various State and Federal agencies, and this fact was known to Protection One at the time of Clemens' reporting.

23. Thereafter, and during Clemens' intermittent "leave," he was presented with a series of purported "Corrective Action Notices" providing a pretext to terminate him.

24. Clemens was terminated by Protection One on or about August 28, 2007. The reasons stated for terminating Clemens were in fact false and merely pretextual. The true rationale for terminating Clemens was one or more of:

1    (a) Clemens' use of family leave as allowed by law;

2    (b) Retaliation against Clemens for supporting another worker's

3 sexual harassment claim; and

4    (c) Retaliation against Clemens for objecting to and reporting an

5 unfair business practice by Protection One.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR VIOLATION OF FEDERAL AND STATE STATUTORY
FAMILY AND MEDICAL LEAVE PROTECTIONS**

(By Richard Clemens Against All Defendants)
[29 U.S.C. § 2601 *et seq.*; Cal. Gov. Code §§ 12945.1, 12945.2]

10  25. Paragraphs 1–24 are realleged as if fully set forth at this point.

11  26. At all times relevant herein, Protection One employed more than 50

12 persons within a 75 mile radius of the events complained of by Clemens.

13  27. The conduct complained of violates Clemens' rights under the Federal

14 Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and applicable sections

15 of the California Family Rights Act, and Clemens is therefore entitled to remedies

16 prescribed in those Acts, including without limitation general damages

17 attributable to the conduct of corporate and individual defendants and other

18 damages as provided under the Acts.

19  28. The conduct complained of violates Clemens' rights under the

20 California Fair Employment and Housing Act, Cal. Gov. Code §§ 12945.1 and .2,

21 and Clemens is therefore entitled to remedies prescribed in that Act, including

22 without limitation general damages attributable to the conduct of corporate and

23 individual defendants and other statutory remedies contained therein.

24  29. Defendants' conduct was willful, reckless, oppressive, fraudulent and

25 malicious.

26  30. Clemens was damaged in an amount which shall be proved at the time

27 of trial, at which time Clemens will seek punitive damages as allowed by law.

28

Law Offices of John H. Carmichael • 269 S Beverly Dr, Ste. 395 • Beverly Hills, CA 90212

## SECOND CLAIM FOR UNLAWFUL RETALIATION AGAINST A WHISTLEBLOWER

(By Richard Clemens Against Protection One and DOES 4-7)
[Cal. Labor Code § 1102.5]

31.  Paragraphs 1–24 are realleged as if fully set forth at this point.

32.  As described above, Clemens objected to Protection One's practice of substituting an inferior product in the place of the one that had initially been presented to the consumer.

33.  Clemens raised and supported the concern of a co-worker regarding alleged sexual harassment.

34.  Clemens was wrongfully terminated by Protection One, in part, based on his objection to the fraudulent practice described and his support and advocacy on behalf of the co-worker complaining of the alleged sexual harassment.

35.  Defendants' conduct was willful, reckless, oppressive, fraudulent and malicious.

36.  The conduct complained of violates Clemens' rights under Cal. Labor Code § 1102.5, and Clemens is therefore entitled to remedies prescribed in that law, including without limitation:

(a)  General damages attributable to the conduct of corporate and individual defendants;

(b)  Punitive damages in accordance with proof at the time of trial;

(c)  Attorney's fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE, Plaintiff** Richard S. Clemens prays for judgment against Defendants as follows:

### On the First Claim

1.  For general damages against Defendants, jointly and severally, in an amount to be established in accordance with proof at trial, together with interest

Law Offices of John H. Carmichael ● 269 S Beverly Dr, Ste. 395 ● Beverly Hills, CA 90212

thereon at the legal rate; and

2. For front and/or back pay against Defendant Protection One, in an amount to be established in accordance with proof at trial, together with interest thereon at the legal rate; and

3. For punitive damages in accordance with proof at the time of trial; and

4. For attorney's fees and costs.

On the Second Claim

1. For general damages against Defendants, jointly and severally, in an amount to be established in accordance with proof at trial, together with interest thereon at the legal rate; and

2. For front and/or back pay against Defendant Protection One, in an amount to be established in accordance with proof at trial, together with interest thereon at the legal rate; and

3. For punitive damages in accordance with proof at trial, together with interest thereon at the legal rate; and

4. For attorney's fees and costs.

On All Claims

a. For costs of suit incurred;

b. For interest at the statutory rate;

c. For reasonable attorney's fees if allowed by law; and

d. For such other relief as this Court may deem just and proper.

Respectfully submitted this 10th day of September 2009,

/signed for CM/ECF, JHC/

John H. Carmichael
Law Offices of John H. Carmichael
Attorney for Plaintiff Richard S. Clemens

Law Offices of John H. Carmichael • 269 S Beverly Dr, Ste. 395 • Beverly Hills, CA 90212

# DEMAND FOR JURY TRIAL

Plaintiff demands jury trial against each and every defendant on each and every cause of action complained of in this document.

/signed for CM/ECF, JHC/

_____
John H. Carmichael
Law Offices of John H. Carmichael

1

## FEDERAL COURT CERTIFICATE OF SERVICE
### *Richard Clemens v. Protection One, et al.*
USDC Southern District - Edward J. Schawartz U.S. Courthouse
(940 Front Street, San Diego, CA 92101-8900)
Hon. M. James Lorenz - Courtroom 14th
Client/Matter: 26026-51

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On **September 30, 2009**, I served the following document described as **DEFENDANT PROTECTION ONE ALARM MONITORING, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF STEVEN G. GATLEY** on the following interested party at the following addresses:

*Attorneys for Plaintiff*
Law Offices of John H. Carmichael
John H. Carmichael, Esq.
269 South Beverly Drive, Suite 395
Beverly Hills, California 90212
Telephone: (310) 345-2525

Email: jhclaw@gmail.com

**BY COURT'S CM/ECF SYSTEM**

Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

**FEDERAL**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **September 30, 2009**, at Los Angeles, California.

_____
Norma Chanes

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-2014-7716.1

**20**