UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. CLEMENS,<br><br>   Plaintiff,<br><br>v.<br><br>PROTECTION ONE, INC., *et al.*,<br><br>   Defendants. | Civil No. 09cv1424 L(CAB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND CAUSE OF ACTION AND TO STRIKE THE REQUEST FOR PUNITIVE DAMAGES [doc. #10]** |

Defendant Protection One Alarm Monitoring, Inc. moves to dismiss the second cause of action and to strike the request for punitive damages found in the first amended complaint ("FAC"). Plaintiff filed a response to the motion but it was stricken for failure to comply with the Civil Local Rules and the Electronic Case Filing Administrative Policies and Procedures Manual. Since plaintiff's response was stricken, plaintiff neither filed a response to the motion nor sought additional time in which to respond to the motion to dismiss.

Under Civil Local Rule 7.1.f.3, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Notwithstanding the Local Rule, the Court will review defendant's motions on the merits.

///

///

### 1.   MOTION TO DISMISS STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

A motion to dismiss should be granted "if plaintiffs have not pleaded 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.* , 523 F.3d 934, 938 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at 1964-1965. The court does not have to accept as true any legal conclusions within a complaint, although conclusions can help frame a complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

### 2.   Second Cause of Action

Plaintiff's second cause of action alleges unlawful retaliation against a whistleblower in violation of California Labor Code § 1102.5. (FAC at 7.)   The unlawful retaliation claim is based on plaintiff's objection to defendant's "practice of substituting an inferior product in the place of the one that had initially been presented to the consumer," (*Id*., ¶ 32.) and plaintiff "rais[ing] and support[ing] the concern of a co-worker regarding alleged sexual harassment." (*Id*., ¶ 33.)

Labor Code § 1102.5 sets forth in relevant part:

> (a) An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

Labor Code § 1102.5(a) & (b).

To invoke Labor Code § 1102.5, a plaintiff must disclose conduct which he reasonably believes is unlawful.

### A.     Substitution of an Inferior Product

Plaintiff alleges:

> while on leave, Clemens had specifically objected to the entrench practice of Protection One's substitution of less quality products actually installed for those presented to the customer during the sales call.  Clemens raised these concerns with Protection One management and Protection One took no action to correct or modify this fraudulent practice.  Such assertions by Clemens could subject Protection One to regulatory action by various State and Federal agencies, and this fact was known to Protection One at the time of Clemens' reporting.

(FAC at ¶ 22.)

To establish a *prima facie* case of retaliation under California's whistleblower statute, a plaintiff must show: (1) he engaged in protected activity; (2) his employer thereafter subjected him to an adverse employment action; and (3) a causal link between the two. *Jadwin v. County of Kern*, 610 F. Supp.2d 1129 (E.D. Cal. 2009).   An employee engages in "protected activity" when he discloses to a *governmental agency* reasonably based suspicions of illegal activity. Labor Code § 1102.5(a) & (b).

Here plaintiff makes no allegation that he attempted to disclose information to a government or law enforcement agency which is a fatal deficiency with plaintiff's whistleblower claim.   Protection One, plaintiff's employer, is not a governmental agency.  Reporting concerns to a non-governmental employer does not trigger the whistleblower statute. *See Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 77 (1998)(Labor Code § 1102.5(b) "does not protect plaintiff, who reported his suspicions directly to his employer).

Additionally, the allegations in the  FAC do not meet the pleading standard required under *Iqbal* and *Twombley*.  Rather, plaintiff states that he communicated his objection in an unspecified manner to an unidentified member of Protection One's management some time

during his lengthy leave period. Further, plaintiff makes a vague reference to defendant's noncompliance with a federal or state rule or regulation but does not suggest which rule or regulation defendant has violated.

### B. Support and Concern for Co-Worker's Alleged Sexual Harassment

For the same reasons as discussed above, plaintiff's contention that he was retaliated against because of his support for a co-worker fails to state a claim. Plaintiff's employer is not a governmental agency and he has failed to allege that he disclosed or attempted to disclose his concerns to a governmental agency. The FAC does not meet the pleading standard of *Iqbal* and *Twombley*.

### C. Conclusion

Plaintiff's second cause of action must be dismissed. Although it appears unlikely that plaintiff can allege facts above a speculative level that Protection One made, adopted, or enforced any rule, regulation, or policy preventing plaintiff from disclosing information to a government or law enforcement agency, or that he disclosed information to a government or law enforcement agency, the dismissal is without prejudice and plaintiff may file a second amended complaint as to this claim.

### 3. Punitive Damages

Defendant also moves to strike plaintiff's demand for punitive damages. Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

Although a violation of California Labor Code § 1102.5 allows for the imposition of punitive damages, attorney's fees and costs, the Court has dismissed this cause of action and punitive damages are therefore unavailable.

The remaining question is whether punitive damages are available under plaintiff's first cause of action, violation of federal and state statutory family and medical leave protections. Under federal law, punitive damages are not available for violation of the Family and

Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*  29 U.S.C.A. § 2617; *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 n. 6 (9th Cir. 2003) ("The FMLA only provides for compensatory damages and not punitive damages.")  Therefore, plaintiff's request for punitive damages as to the FMLA claim will be stricken from the FAC.

Unlike the FMLA, the California Family Rights Act ("CFRA") does allow for punitive damages.  Because punitive damages are recoverable as a matter of law, defendant's motion strike is without merit.

To prevail on punitive damages claim against corporate employer under California law, plaintiff must prove by clear and convincing evidence that employer was guilty of oppression, malice, or fraud. CAL. CIV. CODE § 3294.  Although the CFRA makes punitive damages available to plaintiff, he has made no allegation other than to state:  "Defendants' conduct was willful, reckless, oppressive, fraudulent and malicious."  (FAC at ¶ 29.)  Such a bald assertion does not meet the pleading standard under *Twombley* and *Iqbal*.  As the *Twombley* Court noted, a pleading must do more than offer "labels and conclusions, and a formulaic recitation of the elements of a cause of action" *Twombley*, 127 S. Ct. at 1964-1965.

Because punitive damages are available under the CFRA, defendant's motion to strike those damages will be denied.  Although defendant did not move to dismiss the CFRA claim, it did seek to have the request for punitive damages sought under plaintiff's CFRA claim dismissed.  As discussed above, plaintiff has failed to state a claim under Rule 12(b)(6) with respect to his CFRA claim's request for punitive damages only.

**4.     Conclusion**

Based on the foregoing, **IT IS ORDERED** granting defendant's motion to dismiss the second cause of action without  prejudice.  If plaintiff intends to file a second amended complaint in conformity with this Order, he shall do so within 10 days of the filing of this Order.  If plaintiff does not timely file a second amended complaint within the time provided, defendant shall file an answer to the remaining portions of the FAC within the time provided under the Federal Rules of Civil Procedure.  **IT IS FURTHER ORDERED** granting in part and denying in part defendant's motion to strike punitive damages: Plaintiff's request for punitive damages

under the FMLA are stricken from the FAC. Plaintiff's request for punitive damages under the CFRA are not stricken under Rule 12(f) but are dismissed without prejudice under Rule 12(b)(6).

**IT IS SO ORDERED.**

DATED: April 12, 2010

                                          M. James Lorenz
                                          United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL